ANTHONY RIVELLO, Individually and as Guardian ad Litem of GLORIA RIVELLO, an Infant, Appellant, v. SALVATORE PAGLIOCEO et al., Respondents.— In an action by an infant to recover damages for personal injuries and by her father for medical expenses, the jury rendered a verdict in favor of the infant for $6,000 and in favor of her father for $450. The court denied a motion to set aside the verdict relating to the father and set aside the verdict relating to the infant, on the ground of excessiveness, and granted a new trial. The appeal is from the order setting aside the verdict and granting a new trial. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

SANDALE COOPERATIVE APARTMENTS, INC., Respondent, v. SANDALE CONSTRUCTION CORP., Appellant.— In an action to recover damages for breach of contract, the appeal is from so much of an order as granted respondent's cross motion to open its default in serving a bill of particulars. Order modified by striking therefrom the ordering paragraphs and by substituting therefor a paragraph to the effect that the cross motion is denied in all respects. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellant. The action is to recover for damages for alleged breach of a contract made in November, 1952 for the erection of an apartment house. Upon consent, an order was entered precluding respondent from offering on the trial any evidence with respect to matters as to which appellant had demanded a bill of particulars, unless a bill in accordance with the demand was furnished within a specified time. The instant cross motion was made about a year after the expiration of said period, the excuse for the delay being, in effect, that respondent until that time was doubtful whether it had a valid cause of action. This is not a reasonable excuse for such a long delay in view of the outstanding order of preclusion. Nor is there a showing of merit in the cause of action. In the circumstances, it was an improvident exercise of discretion to open the default (Nappi v. Bush Term. Bldg. Co., 2 A D 2d 861). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

TOWN OF HEMPSTEAD, Respondent, v. HERBERT W. GOLDBLATT et al., Appellants.— In an action to enjoin the use of two parcels of real property allegedly in violation of a building zone ordinance, the appeal is from so much of a judgment entered after trial as enjoined the operation of a transit mix business on one of said parcels. The real property, situated in a residence district under the zoning ordinance, is used to mine sand and gravel, as a lawful nonconforming use. The proof establishes that sand and gravel mined on the premises, together with cement brought in from outside the premises, are mixed on the premises to form a concrete aggregate. The proof further establishes that some quantities of sand and gravel, not mined on the premises, are also used to form the concrete aggregate. The Trial Justice found that the prior nonconforming use has been extended and changed, and that the present use is not a mere modernization of the sand and gravel business. Judgment insofar as appeal is taken unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See 5 A D 2d 693.]